**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| SHAWN LEE ALLRED,<br><br>        Plaintiff,<br><br>   v.<br><br>JENNIFER BARTEL et al.,<br><br>        Defendants. | Case No. 1:06-CV-28 TS PMW<br><br>MEMORANDUM DECISION AND SCREENING ORDER DISMISSING DEFENDANTS AND DISMISSING COMPLAINT |

Plaintiff, Shawn Lee Allred, an inmate at the Victorville Federal Correctional Institution in Adelanto, California, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.[1] Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.[2] This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### ANALYSIS

#### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state

---

[1]*See* 42 U.S.C.A. § 1983 (2006).

[2]*See* 28 *id.* 1915.

a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[3] When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[4]

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[5]  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[6]  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[7]

### II. Plaintiff's Allegations

---

[3] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[5] *Id.*

[6] *Id.*

[7] *Id.*

Plaintiff's Complaint alleges three separate causes of action. The first cause of action alleges false imprisonment and seeks relief under 28 U.S.C. § 2254.  Plaintiff also lists numerous constitutional amendments as grounds for this claim, although he does not cite specific provisions.  In support of this claim Plaintiff alleges that he was "imprisoned without violation or judges['] order on the simple word of AP&P and the Board of Pardons."  Plaintiff also alleges that the warrant for his arrest was invalid because it identified the wrong address.  Plaintiff does not specifically state which of the named defendants are associated with this claim.

Plaintiff's second cause of action alleges ineffective assistance of counsel.  Although Plaintiff lists numerous constitutional amendments as grounds for this claim he does not cite any specific constitutional or statutory language. Plaintiff's allegations regarding this claim are convoluted and difficult to decipher, however, he appears to be challenging various aspects of his parole revocation.  The only defendant identified in relation to this claim is Wade Allinson, whom Plaintiff alleges "was blackmailing [him] for extra money and threatend [sic] [his] life."

Finally, Plaintiff's third cause of action alleges denial of adequate medical, dental and mental health care.  Plaintiff vaguely

alleges that he was treated under the wrong name, had his teeth extracted unnecessarily, and was denied treatment for injuries to his left leg, hip and lower back which he sustained by falling from a top bunk. Plaintiff does not identify any specific individuals associated with this claim.

Plaintiff's Complaint seeks $5.5 million dollars in damages, expungement of Plaintiff's felony record in Utah, and garnishment of Defendants' wages and property.

### III. Sufficiency of Plaintiff's Complaint

#### A. Improper Defendant

To state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must show an "'affirmative link'" between the harm allegedly suffered and the actions of each named defendant.[8] Liability for a civil rights violation cannot be based on respondeat superior.[9]

Plaintiff does not allege any facts affirmatively linking Jennifer Bartel, Michael Sibbett, or the Utah State Prison warden to the violations asserted in his complaint. In fact, none of

---

[8] See *Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999).

[9] See *West v. Atkins*, 487 U.S. 42, 54 n.12 (1988); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability. Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'".

these Defendants are mentioned anywhere in the body of the complaint. Thus, the Court finds that Bartel, Sibbett and the Warden of the Utah State Prison must be dismissed from this case.

### B. False Imprisonment and Ineffective Counsel Claims

In *Heck v. Humphrey*,[10] the Supreme Court held that claims for damages or release from confinement based on unconstitutional conviction or imprisonment are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated in a habeas corpus type proceeding.[11] The Tenth Circuit has expressly extended the *Heck* doctrine to apply to parole revocations.[12] "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."[13] Thus, before pursuing an ineffective assistance of counsel or wrongful imprisonment claim under § 1983, including one stemming from an allegedly invalid parole revocation, a "plaintiff must prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive

---

[10] 512 U.S. 477(1994).

[11] *Id.* at 487.

[12] *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[*Heck*] applies to proceedings that call into question the fact or duration of parole or probation.").

[13] *Id.* at 480-82.

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[14]

Plaintiff cannot recover on his claims stemming from his parole revocation without calling into question the validity of his conviction or confinement, as prohibited under *Heck*.  Because Plaintiff cannot show that his parole revocation has been invalidated by either a state tribunal or a federal habeas corpus decision, the Court concludes that Plaintiff's false imprisonment and ineffective assistance of counsel claims are not cognizable under § 1983 and must be dismissed.  If Plaintiff wishes to pursue these claims further he must do so in a separate habeas corpus case.

### C. Medical Care Claim

Plaintiff's conclusory allegations of inadequate medical, dental and mental health care are insufficient to state a claim for relief.  While the Federal Rules of Civil Procedure require only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief,"[15] a complaint must still give the defendants fair notice of the grounds upon which the

---

[14] *Id.*

[15] Fed. R. Civ. P. 8(a).

plaintiff's claims rest.[16]  "This requires a pro se plaintiff to allege sufficient facts in the complaint which, if true, would entitle the plaintiff to the requested relief."[17]  Although every fact need not be described in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[18]

Pro se litigants are not excused from compliance with minimal pleading requirements.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[19]  "[I]t is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[20]

---

[16]*Conley v. Gibson*, 355 U.S. 41, 77 (1957).

[17]*See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

[18]*Id.*

[19]*Hall*, 935 F.2d at 1109.

[20]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

7

Applying this standard, the Court finds that Plaintiff's allegations fail to satisfy even the minimal pleading requirements of Rule 8. A defendant faced with Plaintiff's allegations would not have fair notice of the grounds on which Plaintiff's claims are based. This is particularly true given the fact that Plaintiff has not clearly identified the specific individuals responsible for the allegedly deficient care. Thus, the Court concludes that Plaintiff's third cause of action fails to state a claim on which relief can be granted.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Bartel, Sibbett and the Warden of the Utah State Prison are **DISMISSED** as defendants in this case;

(2) Plaintiff's causes of action for false imprisonment and ineffective assistance of counsel are **DISMISSED** pursuant to *Heck v. Humphrey*; and,

(3) Plaintiff's denial of medical care claim is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.  However, if Plaintiff is able to cure the defects in his medical care claim he may file an amended complaint on that claim only within thirty days.  Otherwise, this case will be closed.

DATED this 16th day of May, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge